**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SOUTHSTATE BANK, N.A.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:25-CV-04746** |
| | § | |
| **FERCAN E. KALKAN** | § | |
| | § | |
| *Defendant.* | § | |

**Plaintiff SouthState Bank's Motion for Substituted Service**

Plaintiff SouthState Bank, N.A. (SouthState) files this Motion for Substituted Service on Defendant Fercan E. Kalkan (Kalkan).

**Introduction and Factual Background**

1. SouthState is in the business of regularly extending loans and lines of credit to companies and individuals. SouthState is the successor in interest to Independent Bank.

2. On September 14, 2023, Kalkan executed a promissory note under which he promised to pay to the order of Independent Bank an original principal amount of $1,075,000.00.

3. On March 14, 2024, Independent Bank and Kalkan entered into a Change in Terms Agreement, through which the parties agreed to extend the maturity date of the Loan from September 14, 2024, to December 31, 2024, among other agreements.

4. On June 14, 2024, Independent Bank and Kalkan entered into a business loan agreement in connection with the Loan. On that same day, Kalkan executed another promissory note under which he promised to pay to the order of Independent Bank an original principal amount of $825,000, which promissory note was in renewal and extension of the original promissory note. The promissory note matured on April 30, 2025, and it remains outstanding.

1

5.      Kalkan is in default of his payment obligations because he has failed to pay the promissory note in full on or prior to the maturity date.  The current outstanding principal is $500,000.00, plus accrued and unpaid interest, fees, and costs.

6.      SouthState filed the instant suit, seeking damages for breaches of the loan and promissory note, on October 3, 2025.  Then, on October 13, 2025, SouthState requested issuance of Summons, and the Summons was issued the following day.  After multiple failed attempts to serve Kalkan, detailed below, SouthState requests substitute service.

## Arguments and Authorities

### A. The Evidence Supports the Need for Substituted Service.

7.      Federal Rule of Civil Procedure 4(e)(1) allows for service of process on an individual in a number of ways, including by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. . . ." FED. R. CIV. P. 4(e)(1).  Thus, federal law incorporates state law for purposes of service of process. Under the Texas Rules of Civil Procedure, substituted service is appropriate when the evidence shows that service of process has been attempted but has been unsuccessful.  Specifically, the Texas Rules of Civil Procedure provide:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

(1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

(2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

8.      The Texas Supreme Court has found that when an affidavit supporting a motion for substituted service sets forth specific facts documenting unsuccessful attempts at service, it complies with the requirements of 106(b). *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

9.      As detailed in the attached affidavit, between October 18, 2025, and October 30, 2025, SouthState's process servers attempted to effectuate personal service six (6) different times at Kalkan's last-known residence.[1]  On all six occasions, either no one answered the door or an individual other than Kalkan answered and stated Kalkan was not home.  Specifically, the process server's notes state:

- On Saturday October 18, 2025 at 08:43 AM - I attempted service at 143 MANOR LAKE ESTATES DRIVE , SPRING ,  TX 77379 , U.S.A.  The subject's name was not found on the callbox. I followed a car in. I could hear people inside the residence, but no one would come to the front door. I couldn't see them as they stayed out of view. I called out the subject's name several times but there was no response. There were two vehicles visible with license plates HXY2265 registered to ELIF NUR KALKAN, and JPK3093 registered to FATMA ALEV KALKAN. I spoke with the neighbor at 139 Manor Lake Estates Drive, who confirmed that Fercan E. Kalkan does reside at the listed address.

- On Monday October 20, 2025 at 07:10 AM - I attempted service at 143 MANOR LAKE ESTATES DRIVE , SPRING ,  TX 77379 , U.S.A.  The same two vehicles were present. I spoke with a Middle Eastern or Turkish female, in her 60s maybe 70s, wearing a Muslim headgear, who stated that the subject was not home. She refused to take the delivery notice.

- On Wednesday October 22, 2025 at 07:49 PM - I attempted service at 143

---

[1] On information and belief, Kalkan currently resides at 143 Manor Lake Estates Dr., Spring, Texas 77379.

3

MANOR LAKE ESTATES DRIVE , SPRING ,   TX 77379 , U.S.A.   I spoke with a college age female, early 20s, who stated that the subject was not home. She confirmed the phone number I had for the subject: 979-324-9911. I contact the provided number but there was no answer. I left a voicemail. I left a delivery notice with the young lady. The same vehicle with license plate HXY2265 was present.

- On  Friday October 24, 2025  at  08:51 PM  - I attempted service at  143 MANOR LAKE ESTATES DRIVE , SPRING ,   TX 77379 , U.S.A.   Property is inside a gated Community and I was unable to gain entry. I phoned (979)324-9911 but there was no answer so I left a detailed message.

- On  Monday October 27, 2025  at  06:15 PM  - I attempted service at  143 MANOR LAKE ESTATES DRIVE , SPRING ,   TX 77379 , U.S.A.   There was no answer at the door.  I left a delivery notice attached to the front entrance.  There were no vehicles visible.  I called the phone number 979-324-9911 but could not get through.

- On  Thursday October 30, 2025  at  05:26 PM  - I attempted service at  143 MANOR LAKE ESTATES DRIVE , SPRING ,   TX 77379 , U.S.A.   There was no answer at the door and no vehicles visible. The previous delivery notice has been removed. I left a delivery notice attached to the front entrance.

*See* Affidavit of Ignacio Cortez-Acosta, attached as Exhibit 1.

10.     SouthState reasonably believes Kalkan resides at the above-referenced address because, among other reasons, Kalkan currently is involved in a related case pending in this District in which Kalkan accepted personal service at the same address. *See Federal National Mortgage Association v. Fercan E. Kalkan*, No. 4:25-cv-01132 (S.D. Tex. filed Mar. 10, 2025).

11.     Alternatively, Texas courts have held service on a defendant's "usual place of abode" sufficient to provide notice of suit. *E.g., Perez v. Old West Capital Co.*, 411 S.W.3d 66, 74 (Tex. App.—El Paso 2013, no pet. h.).  In determining whether an address constitutes a defendant's "usual place of abode", Texas courts have relied upon factors including: (a) the presence of family members residing at the house; (b) mail being directed to the defendant at the address; (c) the defendant consistently visiting and spending the night; (d) utility payments in the defendant's name; and (e) the defendant having a key to the house. *See id.*

12.     Here, there are similar indications.  Specifically, SouthState's process servers

observed cars registered to Kalkan's family at the home, spoke to a resident who confirmed Kalkan's phone number (demonstrating familiarity with Kalkan), and spoke to a neighbor who confirmed Kalkan resides at the address.

13.     Additionally, federal district courts in Texas permit substituted service by email, *see Sec. & Exch. Comm'n v. Plummer,* No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward,* No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).[2]  The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology.  In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.

14.     Defendant Kalkan previously, and within the last two weeks, has communicated with SouthState through his personal email address, **kalkan1@gmail.com**.  This recent pattern of usage demonstrates both that Kalkan actually owns the email address and that he regularly uses such technology.

15.     Despite repeated attempts, Kalkan refuses to accept personal service of process, demonstrating a need for an order permitting substituted service.

---

[2] *See also Keller Williams Realty, Inc. v. Lapeer*, No. CIV.A. 4:08-CV-1292, 2008 WL 2944601 (S.D. Tex. July 31, 2008) (finding email service appropriate when the plaintiff attempted to serve the defendant but none of the addresses defendant provided were valid); *Cothran v. Koomson*, No. 4:20-CV-00481-SDJ-CAN, 2021 WL 9095766, at *4 (E.D. Tex. Oct. 6, 2021) (finding plaintiff had made sufficient efforts to locate a physical address in the United States for defendant as required under Rule 106, but as there was no known address for defendant, service through social media was acceptable); *Chrisenberry v. Ketcher*, No. MO:21-CV-146-DC-RCG, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022) (finding that when two process servers submitted affidavits stating that they could not locate Defendant's current address, Plaintiff's attorney also submitted an affidavit alleging the same, and Plaintiff demonstrated that serving Defendant through his social media account would be "reasonably effective to [give] Defendant ... notice of this suit," Plaintiff had met the requirements for substituted service under Texas Rule of Civil Procedure 106).

**B. Substituted Service is Reasonably Calculated to Provide Notice to Kalkan.**

16.     A court may authorize substituted service which, as shown by affidavit or other evidence, is reasonably calculated to provide notice of the lawsuit. *Costley*, 868 S.W.2d at 299; *see also* TEX. R. CIV. P. 106.

17.     SouthState respectfully submits that service by email directed to Kalkan's personal email address will be effective to provide the requisite notice.

18.     Alternatively, SouthState respectfully submits that service of the Summons, Complaint, and a copy of the Order granting substituted service on Kalkan at his last-known residence will be effective to give Kalkan notice of the suit. *See Perez*, 411 S.W.3d at 74.

### Conclusion and Prayer

SouthState requests that the Court grant its Motion for Substituted Service on Kalkan, and authorize SouthState to serve process on Kalkan either by email directed to Kalkan's personal email address or by leaving the relevant documents at Kalkan's last known residence.  Further, SouthState prays for reimbursement of costs incurred in attempting personal service, as well as such other and further relief, at law or in equity, to which it may show it is justly entitled.

Respectfully submitted,

GRAY REED

BY: */s/ Kristen W. Kelly*
KRISTEN W. KELLY
Federal ID No. 690180
Texas Bar No. 24046198
kkelly@grayreed.com
JUSTIN R. COWAN
Federal ID No. 3723865
Texas Bar No. 24120776
jcowan@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

Tel: (713) 986-7000
Fax: (713) 986-7100

**ATTORNEYS FOR PLAINTIFF
SOUTHSTATE BANK, N.A.**