IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SOUTHSTATE BANK, N.A.,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| V. § | Civil Action No: 4:25-CV-04746 |
| § | |
| **FERCAN E. KALKAN** § | |
| § | |
| *Defendant*. § | |

**SouthState Bank's Request for Entry of Default Against Defendant Fercan E. Kalken**

Pursuant to Federal Rule of Civil Procedure 55(a), SouthState Bank, N.A. (SouthState) requests the Court enter default against Defendant Fercan E. Kalkan (Kalkan).

### INTRODUCTION

1. SouthState filed this breach of contract lawsuit on October 3, 2025. *See* Dkt. 1 (Complaint). The clerk of the Court issued a summons for Kalkan on October 14, 2025. *See* Dkt. 5 (Summons).

2. After multiple failed attempts to serve Kalkan, SouthState filed a motion for substituted service, which the Court granted on November 12, 2025. *See* Dkt. 6 (Motion for Substituted Service); Dkt. 7 (Order Granting Substituted Service).

3. SouthState ultimately served Kalkan in two different ways: (1) by email to Kalkan's personal email address (Kalkan1@gmail.com) on November 18, 2025; and (2) by delivering all required documents to the front door of Kalkan's residence on November 19, 2025. *See* Dkt. 8 (Return of Service).

4. Under Federal Rule of Civil Procedure 12, Kalkan's deadline to answer or otherwise respond to the Complaint was **Monday, December 8, 2025**. FED. R. CIV. P. 12(a)(1)(A)(i).[1]

5. Kalkan has yet to file a responsive pleading, otherwise respond to the Complaint, or take any action to defend himself against the claims asserted in this civil action. *See* Exh. 1 (Declaration of Kristen W. Kelly).

### AUTHORITY AND ARGUMENT

6. The clerk should enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . ." FED. R. CIV. P. 55(a); *see also*, *Burlington Ins. Co. v. Maya Bus., Inc.*, No. CV H-18-3506, 2019 WL 7938507, at *1 (S.D. Tex. Mar. 27, 2019) (Rosenthal, J.) ("The court must enter default when a party shows by affidavit or otherwise that another party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. Either the clerk or the court may enter default.") (internal citations omitted). Before default can be entered, the plaintiff must submit evidence supporting that the defendant has been properly served. *Id*.

7. SouthState properly served Kalkan on two different occasions with copies of the Summons and the Complaint. *See* Dkt. 8 (Return of Service).

8. Kalkan has failed to answer or otherwise respond and defend this civil action, and as of the date this request for entry of default was filed, the undersigned attorneys have not been contacted by Kalkan or any attorney purporting to represent them. *See* Exh. 1 (Declaration of

---

[1] Rule 12 states that a defendant must serve an answer "within 21 days after being served with the summons and complaint[.]" *Id*. Kalkan was initially served on November 17, 2025, which is 21 days before December 8, 2025. This means that, as of December 8, Kalkan is in default.

Kristen W. Kelly).  Kalkan is not actively serving in any branch of the United States military. *See* Exh. 2 (Military Service Affidavit).

## PRAYER

9. For these reasons, SouthState requests the court clerk (or the Court) enter default against Kalkan.

Respectfully submitted,

GRAY REED

By: */s/ Kristen W. Kelly*
    KRISTEN W. KELLY
    Federal ID No. 690180
    Texas Bar No. 24046198
    kkelly@grayreed.com
    JUSTIN R. COWAN
    Federal ID No. 3723865
    Texas Bar No. 24120776
    jcowan@grayreed.com
    1300 Post Oak Blvd., Suite 2000
    Houston, Texas 77056
    (713) 986-7000
    (713) 986-7100 (Fax)

**ATTORNEYS FOR PLAINTIFF SOUTHSTATE BANK**

## CERTIFICATE OF SERVICE

Because Defendants have failed to answer or otherwise respond to the Summonses and Amended Complaint, service of the foregoing request for entry of default under Federal Rule of Civil Procedure 55(a) is not required.

*/s/ Kristen W. Kelly*
Kristen W. Kelly