**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SOUTHSTATE BANK, N.A.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No.: 4:25-CV-04746** |
| | § | |
| **FERCAN E. KALKAN** | § | |
| | § | |
| *Defendant.* | § | |

**Plaintiff SouthState Bank's Motion for Substituted Service of its Motion for
Final Default Judgment**

Plaintiff SouthState Bank, N.A. (SouthState) files this Motion for Substituted Service of its Motion for Final Default Judgment on Defendant Fercan E. Kalkan (Kalkan).

**INTRODUCTION AND FACTUAL BACKGROUND**

1. SouthState is in the business of regularly extending loans and lines of credit to companies and individuals. SouthState is the successor in interest to Independent Bank.

2. On September 14, 2023, Kalkan executed a promissory note under which he promised to pay to the order of Independent Bank an original principal amount of $1,075,000.00.

3. On March 14, 2024, Independent Bank and Kalkan entered into a Change in Terms Agreement, through which the parties agreed to extend the maturity date of the Loan from September 14, 2024, to December 31, 2024, among other agreements.

4. On June 14, 2024, Independent Bank and Kalkan entered into a business loan agreement in connection with the Loan. On that same day, Kalkan executed another promissory note under which he promised to pay to the order of Independent Bank an original principal amount of $825,000, which promissory note was in renewal and extension of the original promissory note. The promissory note matured on April 30, 2025, and it remains outstanding.

5.      Kalkan is in default of his payment obligations because he has failed to pay the promissory note in full on or prior to the maturity date.  The current outstanding principal is $500,000.00, plus accrued and unpaid interest, fees, and costs.

6.      SouthState filed the instant suit on October 3, 2025, seeking damages for breaches of the loan and promissory note.  After multiple failed attempts to serve Kalkan, SouthState filed a Motion for Substituted Service on November 11, 2025.  Dkt. 6.  The Court granted the motion on November 12, 2025, and authorized SouthState to serve Kalkan with a copy of the Complaint via email directed to kalkan1@gmail.com and by affixing documents to the front door at 143 Manor Lake Estates Dr., Spring, Texas 77379.[1]  Dkt. 7.

7.      Service was perfected, and Kalkan failed to appear or answer the lawsuit. The clerk of the Court entered default against Kalkan on January 12, 2026.  Dkt. 10.  SouthState subsequently filed a Motion for Final Default Judgment on January 15, 2026.  Dkt. 11.

8.      Pursuant to Local Rule 5.5, SouthState is required to serve Kalkan with a copy of its Motion for Final Default Judgment via certified mail, return receipt requested.  SouthState has attempted to do so on multiple occasions to no avail.  *See* Exhibit 1 (Cowan Declaration). Accordingly, SouthState now requests permission to serve Kalkan with a copy of its Motion for Final Default Judgment via email and by affixing the motion to the front door of his last known residence.

**ARGUMENTS AND AUTHORITIES**

**A.      The Evidence Supports the Need for Substituted Service.**

9.      Kalkan has already been duly served with a copy of the complaint in this matter via

---

[1] This is the same address listed in other cases Kalkan is involved in, including the Chapter 11 Bankruptcy Case styled *ENKB-Monticello LLC and Veranda 2021 LLC*, Cause No. 25-80418, pending in the United States Bankruptcy Court for the Southern District of Texas.

substituted service. Dkt. 8. For the sake of brevity, SouthState incorporates by reference the entirety of its previous Motion for Substituted Service. Dkt. 6. The analysis here is the same—the Federal Rules of Civil Procedure and Texas law allow for substituted service in instances where traditional service methods are ineffective.

10.    As detailed in the attached declaration, between March 30, 2026, and May 4, 2026, SouthState attempted to deliver a copy of the Motion for Final Default Judgment on three separate occasions via certified mail, return receipt requested, to Kalkan's last known residence—143 Manor Lake Estates Dr., Spring, Texas 77379. *See* Ex. 1 (Cowan Declaration). On all three occasions, no authorized representative was present to sign the return receipt. *Id.*

11.    SouthState reasonably believes Kalkan resides at the above-referenced address because, among other reasons, Kalkan currently is involved in a related case pending in this District in which Kalkan accepted personal service at the same address. *See Federal National Mortgage Association v. Fercan E. Kalkan*, No. 4:25-cv-01132 (S.D. Tex. filed Mar. 10, 2025). Additionally, the Court previously authorized SouthState to serve Kalkan with a copy of the bank's original complaint by affixing it to the door of his residence. *See* Dkt. 7.

12.    As explained in SouthState's previous motion for substituted service, federal district courts in Texas permit substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021). The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil

Procedure 106 and 108a, Misc. Docket No. 20-9103 (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.

13.    Kalkan has previously communicated with SouthState through his personal email address, kalkan1@gmail.com, demonstrating that Kalkan owns the email address and regularly uses such technology.

**B.    Substituted Service is Reasonably Calculated to Provide Notice to Kalkan.**

14.    Based on the facts above, and consistent with the Court's previous order on this issue, SouthState respectfully submits that service by email directed to Kalkan's personal email address will be effective to provide the requisite notice of the bank's Motion for Final Default Judgment required under the Federal Rules of Civil Procedure and Local Rule 5.5. In addition to serving Kalkan by email, SouthState submits that service at Kalkan's last known residence will be effective to give Kalkan notice of the motion.

15.    In sum, SouthState requests that the Court grant this Motion for Substituted Service to allow the bank to serve Kalkan via email and by affixing a copy of the Motion for Final Default Judgment to the door of his last known residence in lieu of the requirements of Local Rule 5.5.

### CONCLUSION AND PRAYER

SouthState requests that the Court grant this Motion for Substituted Service, authorize SouthState to serve Kalkan with a copy of the bank's Motion for Final Default Judgment by email directed to Kalkan's personal email address and by leaving the relevant documents at Kalkan's last known residence, and grant SouthState any other relief, at law or in equity, to which it may show it is justly entitled.

4

Respectfully submitted,

GRAY REED

BY: */s/ Kristen W. Kelly*
    KRISTEN W. KELLY
    *ATTORNEY-IN-CHARGE*
    Federal ID No. 690180
    Texas Bar No. 24046198
    kkelly@grayreed.com
    1300 Post Oak Blvd., Suite 2000
    Houston, Texas 77056
    Tel: (713) 986-7000
    Fax: (713) 986-7100

**ATTORNEYS FOR PLAINTIFF**
**SOUTHSTATE BANK, N.A.**

OF COUNSEL:
JUSTIN R. COWAN
Texas Bar No. 24120776
Federal ID No. 3723865
jcowan@grayreed.com
**GRAY REED**
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Tel: (713) 986-7000
Fax: (713) 986-7100

**ATTORNEY FOR PLAINTIFF**
**SOUTHSTATE BANK, N.A.**

5