United States Courts
Southern District of Texas
FILED

JUN 0 8 2026

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SOUTHSTATE BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 4:25-CV-04746** |
| | § | |
| FERCAN E. KALKAN, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Defendant Fercan E. Kalkan, appearing *pro se*, respectfully moves the Court under Federal Rule of Civil Procedure 55(c) to set aside the Clerk's Entry of Default (Dkt. 10) entered against him on January 9, 2026. Good cause exists to set the default aside. Defendant did not willfully fail to respond, he has meritorious defenses to Plaintiff's claim, and setting the default aside will not prejudice Plaintiff. Defendant states as follows:

### I. Background

1.     Plaintiff SouthState Bank, N.A. ("SouthState") is the successor in interest to Independent Bank with respect to the loan at issue. (Dkt. 11 ¶ 4.)

2.     SouthState filed this breach-of-contract action on October 3, 2025, seeking to collect on a promissory note. (Dkt. 1; Dkt. 11 ¶ 9.)

3.     After attempts at personal service, SouthState served the Complaint by substituted means in November 2025. (Dkt. 8; Dkt. 11 ¶¶ 10–11.)

4.     The Clerk entered default against Defendant on January 9, 2026. (Dkt. 10; Dkt. 11 ¶ 14.)

5.     SouthState filed its Motion for Entry of Final Default Judgment on January 15, 2026. (Dkt. 11.)

1

6.      Defendant was not served with that motion until June 8, 2026, when it was delivered to him by email under the Court's June 4, 2026 substituted-service order. (Dkt. 15.)

7.      Defendant has now appeared and, on the same day of learning of the motion, files this motion together with his Response in Opposition to the Motion for Entry of Final Default Judgment.

## II.  Legal Standard

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." The good cause standard is "a liberal one." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether good cause has been shown, courts consider (1) whether the failure to respond was willful, (2) whether setting aside the default would prejudice the plaintiff, and (3) whether the defendant has presented a meritorious defense. *Id.* Courts also consider whether the defendant acted promptly to correct the default. *Id.*; *see also CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

The standard for setting aside an entry of default under Rule 55(c) is more forgiving than the standard for setting aside a default judgment under Rule 60(b), because no judgment has yet been entered. Consistent with the policy that disputes be resolved on their merits, doubts are resolved in favor of setting aside a default.

## III.  Argument

### A.  Defendant's failure to respond was not willful.

As set out in the accompanying Declaration of Fercan E. Kalkan, Defendant had a long banking relationship with Independent Bank, where he maintained approximately thirty deposit accounts. After SouthState acquired Independent Bank, the bank closed Defendant's accounts, stopped sending statements, and progressively cut off his ability to communicate with the bank or to obtain his records. Defendant attests that this disruption impaired his ability to receive and act on correspondence during the relevant period. Service of the Complaint was made by substituted means rather than personal delivery. (Dkt. 8.) In this context, willfulness means an intentional failure to answer or bad faith; Defendant's failure reflects the breakdown described in his declaration, not a deliberate decision to ignore the Court. (Decl. ¶¶ 2–9.)

2

## B. Defendant has meritorious defenses.

At this stage Defendant need not prove his defenses; he need only present them. Defendant's defenses include the following.

**Dispute as to the amount owed.** SouthState states the debt in three different amounts within its own motion and supporting evidence: $582,868.73 (Dkt. 11 ¶ 9), $581,986.79 (Dkt. 11 ¶ 24 and Prayer; Dkt. 11-1 ¶ 8), and $581,868.73 (Dkt. 11-6, Payoff Quote). The amount SouthState asks the Court to award is therefore uncertain on the face of its own filing.

**Setoff and failure to credit deposits.** Defendant maintained approximately thirty deposit accounts with the bank. The promissory notes give the bank a right of setoff against Defendant's accounts. (Dkt. 11-2; Dkt. 11-5.) The principal was reduced from $825,000 (Dkt. 11-5) to $500,000 (Dkt. 11-6), and the record does not explain the source of that $325,000 reduction. Defendant contends he is entitled to a credit or offset for funds held in his deposit accounts, and the net amount actually owed, if any, cannot be determined without an accounting. (Decl. ¶¶ 10–11.)

**Failure to account.** The bank controls the account records. Despite Defendant's requests, he has been unable to obtain a complete accounting or his balance and payment histories. (Decl. ¶¶ 3–8.)

If developed, these defenses could reduce or eliminate the amount recoverable. That satisfies Rule 55(c).

## C. Setting aside the default will not prejudice SouthState.

No default judgment has been entered, and the case remains at an early stage. Delay alone is not prejudice. Prejudice in this setting means the loss of evidence, increased difficulty of discovery, or a greater opportunity for fraud or collusion, none of which results from a short delay. Setting the default aside simply returns the parties to litigation on the merits.

## D. Defendant acted promptly.

Defendant appeared and moved to set aside the default within days of being served with the Motion for Entry of Final Default Judgment on June 8, 2026.

3

### E.  Doubts should be resolved in favor of a decision on the merits.

Given the liberal good-cause standard and the strong preference for deciding cases on their merits, the entry of default should be set aside so that the disputed amount and Defendant's defenses can be tested.

## IV.  CONCLUSION AND PRAYER

Defendant respectfully requests that the Court set aside the Clerk's Entry of Default (Dkt. 10), permit him to file an answer within a time set by the Court, deny Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 11), and grant such other relief as is just.

Dated this 8th day of June, 2026.

Respectfully submitted,

*/s/ Fercan E. Kalkan*
**Fercan E. Kalkan**
143 Manor Lake Estates Dr.
Spring, Texas 77379
Telephone: (281) 770-3113
Email: kalkan1@gmail.com
*Defendant, Pro Se*

## CERTIFICATE OF SERVICE

I certify that on the 8th day of June, 2026, a true and correct copy of the foregoing was served on

Plaintiff's counsel of record by the Court's CM/ECF system and Email addressed as follows:

Kristen W. Kelly
Justin R. Cowan
GRAY REED
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
kkelly@grayreed.com;
jcowan@grayreed.com

*/s/ Fercan E. Kalkan*
**Fercan E. Kalkan**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHSTATE BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 4:25-CV-04746** |
| | § | |
| FERCAN E. KALKAN, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF FERCAN E. KALKAN

I, Fercan E. Kalkan, declare under penalty of perjury under the laws of the United States of America as follows:

1.  I am the Defendant in this action. I am over eighteen years of age and competent to make this declaration. The facts stated here are within my personal knowledge and are true and correct.

2.  For many years I did my banking with Independent Bank. I maintained approximately 30 checking accounts there and had a long banking relationship with the bank's staff.

3.  After SouthState Bank acquired Independent Bank, the bank closed all of my checking accounts. It took a very long time for the bank to provide my account histories.

4.  When I told the bank that I could not access my accounts, I was told that bank staff also could not access them, because SouthState was converting to new software and training employees on it.

5. After my accounts were closed, the local branch employees' access to my information was also restricted. I was told to direct any problems to the Dallas office, but that office does not answer calls.

6. SouthState stopped sending me statements. Communication became very difficult because local employees did not have access to most of my information.

7. I was later told that I was not welcome to visit branches. The local employees then stopped answering my calls and emails.

8. To date, I cannot reach anyone at SouthState by telephone or email to obtain payment or balance history for my accounts or for the loan.

9. Because of these events, I was unable to obtain my record.

10. I did not deliberately ignore the Court.

11. I dispute the amount that SouthState claims I owe. I have not been able to verify the amount because I cannot obtain my account and payment records from the bank. I believe I am entitled to a credit or offset for the funds in my deposit accounts.

12. I respectfully ask the Court to set aside the entry of default so that this matter can be decided on the merits.


Executed on June 8, 2026, at _____, Texas.


_____
**Fercan E. Kalkan**